Filed 6/25/25  P. v. Singleton CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID PALLERA SINGLETON,<br><br>    Defendant and Appellant. | D085303<br><br><br>(Super. Ct. No. SCN440538) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


David Pallera Singleton appeals the judgment sentencing him to prison for 10 years after he pled guilty to attempted murder and admitted a firearm enhancement allegation.  His appointed counsel filed a brief in which she raised no claims of error and invited us to review the record independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We have done

so and found no error requiring reversal or modification of the judgment. We therefore affirm.

BACKGROUND

Singleton and Wyatt Laney were members of a motorcycle gang. Laney saw a member of a rival gang at a bar and contacted Singleton. Singleton met Laney outside the bar and acted as a lookout as Laney fired his handgun four times into the bar at the rival gang member. Laney missed his target. He and Singleton fled the scene in separate vehicles.

The People charged Singleton with conspiracy to commit murder (Pen. Code, §§ 182, subd. (a), 187, subd. (a); subsequent undesignated section references are to this code), attempted murder (§§ 21a, 187, subd. (a)), and shooting at an occupied building (§ 246). They alleged gang and firearm enhancements (§§ 186.22, subd. (b)(1)(C), (4)(B), (5), 12022, subd. (a)(1), 12022.53, subds. (c), (e)(1)) as to all charges, and also alleged Singleton had a prior conviction that qualified as a serious felony for purposes of a five-year enhancement (§ 667, subd. (a)(1)) and a strike under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)). Singleton pled not guilty to all charges and denied all allegations.

On the eve of trial, Singleton filed a motion for mental health diversion. (§ 1001.36.) The parties agreed the motion would be heard during trial, and the People later filed opposition to the motion. The jury was unable to reach any verdicts, and the court declared a mistrial. The court denied the motion for mental health diversion.

Before a second trial began, the parties reached a plea agreement. Singleton agreed to plead guilty to attempted murder and to admit the attached gang and firearm enhancement allegations and the allegation of

service of a prior prison term. In exchange, the People agreed to dismiss the remaining charges and allegations. The parties stipulated to imposition of the upper prison term of nine years for attempted murder (§ 664, subd. (a)) plus a consecutive prison term of one year for the firearm enhancement (§ 12022, subd. (a)(1)) and to striking the punishment for the gang enhancement (§ 1385, subd. (b)(1)). After reviewing the terms of the plea agreement with Singleton and his counsel and ensuring Singleton understood the trial-related constitutional rights he was waiving, the court found Singleton knowingly, voluntarily, and intelligently entered into the plea agreement, accepted his guilty plea and admissions, and dismissed the remaining charges and allegations.

At the sentencing hearing, the court imposed the stipulated 10-year prison term. It also imposed a $300 restitution fine (§ 1202.4, subd. (b)(1)), a $300 parole revocation restitution fine (§ 1202.45, subd. (a)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)).

DISCUSSION

Singleton's appointed counsel filed a brief in which she summarized the proceedings, raised no claims of error, and asked us to review the record independently for error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) We advised Singleton he could file a supplemental brief, but he did not.

We have reviewed the entire record, as required by *Wende, supra*, 25 Cal.3d 436, and determined there are no grounds for reversal or modification of the judgment. We also have determined Singleton received competent representation on appeal.

## DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

4